**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re:   NATALIA ALEKSANDROVNA NEAL<br><br>Debtor<br><br>―――――――――――――――――<br><br>SHARON ELIZABETH NEAL,<br><br>Appellant.<br><br>   v.<br><br>NATALIA ALEKSANDROVNA NEAL,<br><br>Appellee. | No. 25-5719<br><br>D.C. No.<br>24-1134<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Bankruptcy Appellate Panel for Oregon
Gan, Brand, and Lafferty, III, Bankruptcy Judges, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Creditor Sharon Elizabeth Neal (S. Neal) appeals pro se the Bankruptcy

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's (BAP) decision affirming the bankruptcy court's orders denying

her motions to dismiss the Chapter 13 case of debtor Natalia Aleksandrovna Neal

(Debtor) and denying her renewed motion to dismiss, which the bankruptcy court

construed as a motion for reconsideration under Federal Rule of Civil Procedure

59(e). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.[1]

We review de novo BAP decisions and apply the same standard of review

that BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088,

1090 (9th Cir. 2009). We review for abuse of discretion the bankruptcy court's

decision on whether to dismiss a case. *In re Leavitt*, 171 F.3d 1219, 1222 (9th Cir.

1999); *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) (per curiam). "A

bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of

discretion." *In re Onecast Media, Inc.*, 439 F.3d 558, 561 (9th Cir. 2006); *In re

Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000). An abuse of discretion occurs when

the bankruptcy court applies an incorrect legal standard or its factual findings are

illogical, implausible, or without support in the record. *See TrafficSchool.com, Inc.

v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

1.      The bankruptcy court did not abuse its discretion by denying S. Neal's

---

[1] Debtor has not filed an answering brief case and has not filed a response to
our order to file a motion to file a late brief or a notice that no answering brief will
be filed. Accordingly, we may decide this case on S. Neal's opening brief alone.
*See* Fed. R. App. P. 31(c); 9th Cir. R. 31-2.3.

motions to dismiss. *See In re Leavitt*, 171 F.3d at 1222. S. Neal argues that Debtor's stipulation to the judgment in the state court action constitutes a material default under the confirmed Chapter 13 plan and therefore the district court erred in denying her motions to dismiss. But the bankruptcy court applied the appropriate legal standard and gave the following legitimate reasons for concluding that dismissal was not warranted: (1) the stipulation "indicate[s] that the loan remains in full force and effect"; (2) the stipulation "[does not] increase in any way the amount of debt that the Debtor had"; (3) "Debtor fully disclosed . . . th[e] property and the debt during the course of the bankruptcy"; and (4) Debtor "has not incurred additional debt by virtue of th[e] stipulation." *See TrafficSchool.com*, 653 F.3d at 832. The bankruptcy court's reasoning and decision is fully supported by the record. Indeed, the record supports the conclusion that Debtor fully disclosed her interest in the property and the underlying debt in her schedules. And the record further supports the conclusion that the stipulated judgment merely returns Debtor and U.S. Bank Trust National Association to their previous positions and Debtor has not incurred any additional debt. Accordingly, the bankruptcy court did not abuse its discretion in concluding that Debtor's stipulation to the judgment in the state court action did not constitute a material default under the confirmed Chapter 13 plan.

      2.     The bankruptcy court did not err in construing S. Neal's renewed

motion to dismiss as a motion for reconsideration. *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (explaining that the court "construe[s] [motions], however styled, to be the type proper for the relief requested"). Nor did the court abuse its discretion by denying S. Neal's motion for reconsideration. *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999))). Because S. Neal raised the same arguments in her motion for reconsideration as she did in her prior motions to dismiss, she failed to demonstrate that reconsideration was warranted.

**AFFIRMED**.